UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NUMBER: 13-227** |
| **TRAVIS SCOTT** | **SECTION: "B"(1)** |

## ORDER AND REASONS

Before the Court is Petitioner Travis Scott's ("Petitioner") Motion for post-conviction Relief to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Rec. Doc. 534), the Government's Response in Opposition to (Rec. Doc. 542), and Petitioner's Reply (Rec. Doc. 547). Also before the Court is Petitioner's "Motion for Disqualification under the Due Process Clause" (Rec. Doc. 539). For assigned reasons below,

**IT IS ORDERED** that the motion for post-conviction relief (Rec. Doc. 534) is **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's motion for disqualification (Rec. Doc. 539) is **DENIED.**

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner Travis Scott was the leader of a RICO enterprise named Frenchmen and Derbigny gang or "FnD". He was arrested on December 31, 2013, for violating the Federal Gun Control Act. Rec. Doc. 304 at 2. Petitioner and his FnD member co-defendants were linked to crimes, including *inter alia* "conspiracy to distribute controlled substances, distribution of controlled substances,

1

[and] acts involving murder" in the Seventh Ward area of New Orleans. *Id.* On December 11, 2014, a federal grand jury returned a Third Superseding Indictment, charging Petitioner and five other defendants with "RICO" conspiracy, violent crimes in aid of racketeering, conspiracy to distribute heroin and crack cocaine, and other offenses, in which Petitioner was charged with ten counts. *See* Rec. Doc. 163.

On October 13, 2015, Petitioner agreed to plead guilty to Counts 1, 2, 3, and 10. Rec. Doc. 303. With this plea agreement, Petitioner signed and specified that he understood the maximum penalties that he may receive if his guilty plea was accepted. *Id.* The Government agreed that if Petitioner plead guilty to Counts 1, 2, 3, and 10, it would request dismissal of Counts 4, 9, 17, 21, 22, and 23 of the original indictment and the three Superseding Indictments. *Id.* Petitioner's plea agreement indicated that Counts 1, 2, 3, and 10 each carried the maximum sentence of life imprisonment and that "the Court could impose the maximum term of imprisonment and fine allowed by law." *Id.* The plea agreement included unambiguous language that "the sentencing guidelines are advisory and are not mandatory for sentencing purposes." Rec. Doc. 303. The agreement entailed that "the defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law[.]" *Id.* Petitioner further agreed to waive and give up any right to challenge his sentence collaterally, including any

and all rights arising under Section 2255. He retained the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding. *Id.* He also agreed to waive "any right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment[.]" *Id.* Notably, Petitioner indicated that he reviewed both the plea agreement and the factual basis with his lawyer and affirmed that he understood both documents and that they were true and correct. *Id.* Petitioner was ultimately sentenced to a term of life plus 120 months of imprisonment Rec. Doc. 542 at 6.

Petitioner filed a timely notice of appeal and asserted that his sentence was imposed in violation of his Fifth and Sixth Amendment rights arguing that his sentence was imposed based upon facts determined by the Court at the sentencing hearing. Rec. Doc. 542 at 6. On September 30, 2016, the Fifth Circuit granted the Government's motion to dismiss said appeal. *Id.* On January 29, 2018, Petitioner filed a timely *pro se* § 2255 petition contending that his sentence should be vacated. Rec. Doc. 534-1.

In the instant § 2255 motion, Petitioner asserts four arguments: (1) his counsel was deficient for depriving him of his due process right to an impartial and disinterested judge and tribunal, (2) his counsel was deficient for depriving him of his due process right to a meaningful sentencing allocution, (3) his

3

counsel was deficient in failing to petition the court for the withdrawal of his guilty plea, and (4) he was deprived of effective assistance of counsel that was guaranteed by the Sixth Amendment. *See* Rec. Doc. 534-1.

## LAW AND ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move the court that imposed his sentence to vacate, set aside or correct such sentence. 28 U.S.C. § 2255(a). A petitioner may raise the following issues in his appeal on which a motion may be made: "(1) the sentence was imposed in violation of the Constitution, (2) the court was without jurisdiction, (3) the sentence was in excess of the maximum authorized by law, (4) or the sentence is otherwise subject to collateral attack." *Id*. When the petitioner is *pro se*, the Court must construe his petition "liberally." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). However, "even with the leeway that is extended to pro se litigants in the form of liberally construed pleadings, the pro se litigant is still required to meet his burden of proof." *Richard v. Hawthrone*, 15-0559 (La. App. 5 Cir. 05/12/16), 192 So.3d 273.

In order to determine whether Petitioner's counsel was deficient, the Court must consider the *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, effectiveness of counsel is analyzed through application of a two pronged test: "(1) whether counsel's representation fell below the

4

objective standard of reasonableness; and (2) whether there is a reasonable probability that, if counsel had not acted unprofessionally, the outcome of the proceeding would have been different." *Strickland*, 466 U.S. at 687. Essentially, when asserting the deficiency of counsel, the burden of proof is upon the petitioner by showing that counsel's representation fell below an objective standard of reasonableness. *Chanthakoummane v. Stephens*, 816 F.3d 62, 69 (5th Cir. 2016)(citing *Strickland*, 466 U.S. at 687).

First, we determine whether Petitioner's attorney rendered deficient assistance of counsel, depriving him of his due process rights to an impartial and disinterested judge and tribunal. Rec. Doc. 534-1 at 2. Petitioner alleges that the Court was an interested party in his case because the Court was involved in the plea agreements of the co-defendants. Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. 455 (a). The United States Supreme Court has held that "decision makers are constitutionally unacceptable when: (1) the decision maker has a direct personal, substantial, and pecuniary interest in the outcome of the case." *Bigby v. Dretke*, 402 F.3d 551, 558-59 (5th Cir. 2005). A genuine question must exist to show the judge's impartiality. *Id.* However, a "remote, contingent, or speculative" interest is not one "which reasonably

brings into question a judge's partiality." I*n Re Billedeaux*, 972 F.2d 104, 105 (5th Cir. 1992). It is well established that facts learned by a judge while acting in his judicial capacity cannot serve as a basis for disqualification on account of personal bias. *United States v. Kelley*, 712 F.2d 884, 889 (1st Cir. 1983).

In *Rivera-Perez*, the court indicated that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Rivera-Perez v. United States*, 508 F.Supp. 2d 150, 156(D.P.R. 2007) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994). Denying petitioner's motion, the court held that "there was nothing in the record that showed a deep-seated favoritism that would make fair judgment impossible by the judge." *Id.*

In *Gordon*, the defendant argued that the trial judge should have been recused because "the district court became an 'advocate' when it ordered a supplemental report from the Probation Officer and also acted improperly by having Gordon's grand jury testimony added to the record." *United States v. Gordon*, 61 F.3d 263, 267 (4th Cir. 1995). The United States Supreme Court has made it clear that litigants may not make the trial judge into an issue simply because they disagree with the ultimate outcome of their case. The

Supreme Court held that the district judge did nothing even remotely inappropriate at any point during the case and the judgment of the district court was affirmed. *Id.* at 268.

In the case at hand, the Court was not an interested party because it did not have an interest in the outcome of Petitioner's case. Petitioner made speculations that his due process rights of an impartial tribunal were violated but there are no facts presented by the Petitioner to support his allegations. Thus, Petitioner fails to sufficiently meet his burden of proof that the Court was impartial. For the same reasons above, this Court finds that Petitioner's Motion for Disqualification (Rec. Doc. 539) lacks sufficient merit and is denied on the same grounds. The Court does not deprive a defendant of his or her due process rights to an impartial and disinterested judge and tribunal by hearing testimony submitted by co-defendants.

Second, Petitioner argues that his attorney rendered ineffective assistance when he was deprived of his due process rights to a meaningful sentencing allocation. Rec. Doc. 534-1 at 14. Petitioner indicated that he was not given an opportunity to speak or present information to mitigate his sentence before it was imposed and the Court's involvement affected the value of the allocution's role at sentencing. *Id.* Petitioner also alleges that his attorney did not object to the sentencing and the meaningful allocution opportunity when the Court "cooperate[d] with the

government to use co-defendants" against him which made the allocution meaningless. Rec. Doc. 534-1 at 15.

According to the Federal Rules of Criminal Procedure, before imposing a sentence, the district court must "provide the defendant's attorney an opportunity to speak on the defendant's behalf," and "address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence." Fed. R. Crim. P. 32(i)(4)(A). This is violated when courts limit the subject matter in regards to which defendants may speak at sentencing. *United States v. Palacios*, 844 F.3d 527, 530–31 (5th Cir. 2016). A court deprives a defendant of the right to a "meaningful" allocution where it does not permit a defendant or his counsel to speak, or otherwise prevents them from addressing issues pertinent to sentencing. *United States v. Valtierra-Ortega*, 402 Fed. App'x 34, 36 (5th Cir. 2010). The Fifth Circuit has indicated that other circuits have held that "an opportunity to allocute before a sentence is technically imposed is not meaningful if the court has stated in conclusive terms that a particular sentence will be imposed." *United States v. Pittsinger*, 874 F.3d 446, 451 (5th Cir. 2017). No such circumstances exist here.

In *Pittsinger*, the defendant pled guilty to sexually exploiting a minor and was sentenced to 360 months of imprisonment. *Id.* at 448. The defendant appealed his sentence moving for a downward variance from a Guidelines' sentence. *Id.* at 449. The

court held that because the district court said nothing to indicate to Pittsinger that he could not speak for himself, it did not commit error, which was clear or obvious because it directly invited the defendant to speak on any topic of his choosing before imposing the sentence. *Id.* at 453-54.

During Petitioner's sentencing on March 29, 2016, both Petitioner and his attorney were fully permitted to address the Court. Rec. Doc. 542 at 15. The Court also allowed Petitioner's mother to speak in regards to the sentencing of Petitioner, and his attorney was allowed to provide any additional information that may have been helpful to Petitioner's sentencing. Rec. Doc. 542 at 14. As a result, Petitioner was given the opportunity and ability to address the Court with any matters regarding his sentencing. The Court did not insinuate in any way that Petitioner was unable to speak for himself in regards to his sentencing. In fact, according to the record, Petitioner addressed the Court and expressed his condolences to the victim's family and that he took full responsibility for his actions. Rec. Doc. 461. Further, Petitioner's own subjective rationale that such opportunity provided to him by the Court was "meaningless," based on frivolous allegations of bias, is unavailing. Thus, because Petitioner and his attorney were provided with the opportunity to address the Court for sentencing, his attorney neither rendered ineffective counsel nor deprived Petitioner of his right to allocation.

Third, Petitioner argues that his attorney rendered deficient assistance when he failed to withdraw his guilty plea, which resulted in prejudice. Rec. Doc. 534-1 at 17. During the signing of the plea agreement and Petitioner's sentencing, he indicated that he fully understood the consequences of the plea agreement and signed it. Rec. Doc. 303. This Court has previously held that a § 2255 claim should be dismissed if the Petitioner's allegations directly contradict with his sworn testimony. *United States v. Vinnett*, Crim. A. No. 13-125, 2016 WL 705205, at *4 (E.D. La. Feb. 22, 2016)(Lemelle, J). The Sentencing Guidelines in the plea agreement were explained to Petitioner by his attorney and indicated that the sentencing is merely advisory and the Court may sentence Petitioner anywhere within the statutory range. Rec. Doc. 303.

To satisfy prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court, in return, will assess "whether a reasonable defendant would have rationally chosen to go to trial under the circumstances. . .[by] consider[ing] the risks faced by a defendant in selecting a trial rather than a plea bargain." *United States v. Kayode*, 777 F.3d 719, 726 (5th Cir. 2014). The defendant bears the burden of proof to ascertain a "fair and just reason" for withdrawal. *United States*

*v. Puckett*, 505 F.3d 377, 382 (5th Cir. 2007). However, there is no absolute right to withdraw a defendant's guilty plea. *United States v. Badger*, 925 F.2d 101, 103 (5th Cir. 1991). If the defendant cannot prove prejudice from his counsel's alleged failure to inform him of the Guidelines provision, then he cannot prevail in his claim. *United States v. Dockery*, 423 F. Appx. 487, 489 (5th Cir. 2011).

In *Dockery*, the defendant filed a motion and alleged that his counsel failed to explain the repercussions of the guidelines and how the acceptance of responsibility would be used to mitigate his sentence. *Id.* at 488. He indicated that he would have pleaded guilty if he had known of the potential reduction and that he would have received a shorter sentence if he had pleaded guilty. *Id.* at 489. The district court denied Dockery's motion and held that Dockery understood the risks of going to trial because of the very fact that he acknowledged understanding the nature of the charges and the maximum penalties, and as a result, he was unable to show prejudice. *Id.* at 488. The district court indicated that even if Dockery had pleaded guilty, it would have upwardly departed from the calculated Guidelines range. *Id.* at 490. Further, the record showed that Dockery would have received the same sentence regardless of his decision whether to plead guilty or not. *Id.* at 491. The Fifth Circuit affirmed the district court's decision. *Id.*

In *Kayode*, the defendant alleged that he received ineffective assistance of counsel when his attorney failed to inform him that if he pleaded guilty he would likely face deportation. *United States v. Kayode*, 777 F.3d 719, 722 (5th Cir. 2014). The Fifth Circuit held that the defendant was unlikely to succeed at trial due to the "overwhelming evidence against [him]." *Id*. at 726. In *Laflaer*, the respondent went to trial instead of taking the plea and received a more severe sentence. *Laflaer v. Cooper*, 566 U.S. 156, 166 (2012). The court held that "[e]ven if the trial itself is free from constitutional flaw, the defendant who goes to trial instead of taking a more favorable plea may be prejudiced from either a conviction on more serious counts or the imposition of a more severe sentence." *Id.*

Here, Petitioner has not met his burden of proof that he would likely have succeeded if he had gone to trial. Like in *LaFlaer*, if Petitioner would have proceeded to trial, the amount of evidence against him would have likely resulted in a greater sentence than the one imposed. *See* Rec. Doc. 274. Based upon the factual basis in the record, if Petitioner would have proceeded to trial, there were fourteen cooperating witnesses willing to testify against him and his enterprise FnD for illegal drug distribution activities and other criminal activities. *Id*. Thus, because Petitioner failed to satisfy the first prong of the *Strickland* test, which requires objective reasonableness in the advice provided to a client, his

attorney did not render deficient assistance by not withdrawing Petitioner's guilty plea. Petitioner further fails to meet the second prong of Strickland in his failure to offer any evidence that had his plea been withdrawn the proceedings herein would have resulted in a different outcome, *i.e.* a lesser sentence.

In the record, the plea agreement shows that Petitioner's attorney reviewed the terms of the agreement and was advised by Petitioner that he fully understood the terms of the agreement. Rec. Doc. 303. In an effort to avoid going to trial, Petitioner agreed to plead guilty to Counts 1, 2, 3, and 10. *Id*. Petitioner also confirmed under oath that the plea agreement was true and correct when he signed it and swore that he was pleading guilty voluntarily in open court. Rec. Doc. 542 at 5.

The Fifth Circuit has held that testimony in open court at the time of the guilty plea has a strong presumption of validity. *United States. v. Conley*, 125 F.3d 851 (5th Cir. 1997). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. 668 at 686. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* Had Petitioner gone to trial, he would have faced a mandatory minimum sentence of at least 65 years compared to the 20-year minimum in his plea agreement. Rec. Doc. 548 at 16. Petitioner's attorney counseled in Petitioner's best interest to not withdraw his plea or proceed to trial. Further, Petitioner would have run the likely risks of getting longer consecutive sentences by going to trial and probably being convicted by the jury.

Finally, Petitioner argues that he was deprived of effective assistance of Counsel guaranteed by the Sixth Amendment when he was denied the request for substitute counsel. Rec. Doc. 534-1 at 27. Petitioner's allegations are not supported by the record's factual basis.

The district court has "wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2008). The Fifth Circuit has stated that substitute counsel should be appointed only for "good cause," which includes a "complete breakdown in communication[.] United States v. Simpson, 645 F.3d 300, 307-08 (5th Cir. 2011). In *Simpson*, the defendant alleged that because of his paranoia, he was unable to communicate with his attorney, and therefore is entitled to the appointment of substitute counsel. *Id.* The court held that it cannot find "good cause" to appoint substitute counsel where none exists and neither the Sixth Amendment nor its precedent suggests

14

that the appointment be made. *Id.* at 308. It is also of notable importance that Petitioner's "request" in the letter was qualified by his concession that if a reasonable plea were presented to him, he would consider it. He also stated that if he had to proceed and go to trial, only then would he like to be appointed new representation. Rec. Doc. 293 at 3. However, Petitioner did not go to trial so his claim that he was denied substitute counsel is meritless.

In determining Petitioner's ineffective assistance of counsel claims, there is no reason to hold an evidentiary hearing to examine the claims when there is no conceivable evidence to support Petitioner's frivolous allegations. The Court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). For all of above record acknowledgements by Petitioner, and for all the foregoing reasons, he has failed to show error or prejudice.

New Orleans, Louisiana, this 31st day of August, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE